CALDWELL, Chief Justice.
We have this cause on remand by the Supreme Court of the United States for such proceedings as may be had in conformity with the judgment of that Court.
Defendant below, charged with vagrancy, informed the Court he would plead guilty and did not want a lawyer. Nevertheless, the Court appointed counsel. Jury trial was waived and, after testimony was heard, judgment of conviction was entered and defendant was placed on probation.
*8 Defendant, previously convicted of breaking and entering and on parole with a ten o’clock curfew, was found sitting in an unlighted business-residential area on a bus stop bench at 4:25 in the morning. When questioned by the officer as to his presence there his response was he was waiting and had been waiting three hours on the bus. When told the last bus ran at 11:00 p. tn. and the next would run at 7:00 a. m., he said he had called for a cab and had seventy or eighty cents in his pocket. Defendant-parolee was arrested under the Vagrancy Statute, F.S. § 856.02, F.S.A., for the misdemeanor of “wandering or strolling around from place to place without any lawful purpose or object.”
The officers did not testify the accused wandered or strolled and did not query as to how he had reached his seat in the dark. Perhaps pedestrian in occult abstrusities they just assumed he had not been wafted there by teleportation or telekinesis.
But the divided Supreme Court of the United States disagreed and reversed, holding (1) accused was only sitting on the bench and (2) the bench had been made for that purpose.
This Court’s affirmation of conviction must stand reversed and the cause is remanded for further proceedings as directed.
It is so Ordered.
ROBERTS, THORNAL and HOPPING, JJ., concur.
DREW, J., agrees to judgment.
ERVIN, J., concurs in judgment specially with opinion.